## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**ROGER H. KAYE and ROGER H. KAYE, MD PC, on behalf of themselves and all others similarly situated,**

Plaintiffs,

**-vs.-**

**WEBMD, LLC, WEBMD HEALTH SERVICES GROUP, INC., MEDSCAPE, LLC, WEBMD PROFESSIONAL SERVICES LLC, NATIONAL PHYSICIANS DATASOURCE LLC and LITTLE BLUE INSITE LLC,**

Defendants.

**09 CV 1948 (CFD)**

**First Amended Complaint**

**Class Action**

**Jury Demanded**

**April 21, 2010**

## COMPLAINT

Come now Plaintiffs Roger H. Kaye and Roger H. Kaye, MD PC, on behalf of themselves and all others similarly situated, and allege as follows:

## INTRODUCTION

1.     Roger H. Kaye and Roger H. Kaye, MD PC (hereinafter collectively "Plaintiffs") are bringing this action against WEBMD, LLC, WEBMD Health Services Group, Inc., Medscape, LLC, WEBMD Professional Services LLC, National Physicians Datasource LLC and Little Blue Insite LLC (hereinafter collectively "Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA") and Conn. Gen. Stat. § 52-570c.   Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.   Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and

interfere with the use of fax machines by these recipients, who are consumers and businesses.  Connecticut enacted Conn. Gen. Stat. § 52-570c for similar reasons.  Upon information and belief, Defendants have jointly and severally recently caused to be sent out over 10,000 (ten-thousand) unsolicited fax advertisements for goods and/or services. Therefore, Defendants are liable to Plaintiffs and the proposed Classes of similarly situated persons under the TCPA and Conn. Gen. Stat. § 52-570c.

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.     This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because, upon information and belief, the matter in controversy concerning the TCPA exceeds the sum or value of $5,000,000, exclusive of interest and costs, involves thousands of class members and is a class action in which at least one member of the class of Plaintiffs is a citizen of a state different from any Defendant.

4.     This Court also has supplemental jurisdiction, under 28 U.S.C. § 1367, over Plaintiffs' claims under Conn. Gen. Stat. § 52-570c.

5.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2), because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

6.     Roger H. Kaye is a citizen and resident of the State of Connecticut.

7.     Roger H. Kaye, MD PC is a Connecticut professional corporation whose principal place of business is located at 30 Stevens Street, Norwalk, Connecticut 06850.

8.     Upon information and belief, WEBMD, LLC is a Delaware corporation

with its principal place of business located at 111 Eighth Avenue, New York, New York 10011.

9.     Upon information and belief, WEBMD Health Services Group, Inc. is a Delaware corporation with its principal place of business located at 111 Eighth Avenue, New York, New York 10011.

10.     Upon information and belief, Medscape, LLC is a Delaware corporation with its principal place of business located at 76 Ninth Avenue, Suite 719, New York, New York 10011.

11.     Upon information and belief WEBMD Professional Services LLC is a Delaware Corporation with its principal place of business located at 111 Eighth Avenue, New York, New York 10011.

12.     Upon information and belief, National Physicians Datasource LLC is a Connecticut corporation with its principal place of business located at 302 West Main Street, Suite 206, Avon, Connecticut 06001.

13.     Upon information and belief Little Blue Insite LLC is a Connecticut corporation with its principal place of business located at 9 Old Kings Highway South, 4th Floor, Darien, Connecticut 06820.

14.     Upon information and belief, at least one member of the class of Plaintiffs making claims under the TCPA is a citizen of a state different from any defendant.

## DEFENDANTS' ILLEGAL ACTIONS

15.     Plaintiffs had at all relevant times to this action telephone service at 30 Stevens Street, Norwalk, Connecticut 06850, where Plaintiffs receive facsimile transmissions (hereinafter "faxes").

16.     Upon information and belief, on or about June 30, 2008, January 22, 2009 and September 9, 2009, Defendants, jointly and severally, without Plaintiffs' express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (hereinafter "the fax advertisements"), advertising the commercial availability or quality of any property, goods, or services, to Plaintiffs' fax machine located at 30 Stevens Street, Norwalk, Connecticut 06850.  Copies of the fax advertisements are attached hereto as Exhibit A and are incorporated herein by reference.

17.     The fax advertisements were wholly unsolicited in that they were sent to Plaintiffs by Defendants without Plaintiffs' express invitation or permission.

18.     The fax advertisements do not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D).

19.     The fax advertisements do not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii).

20.     Upon information and belief, Defendants either negligently or willfully and/or knowingly arranged for and/or caused the fax advertisements to be sent to Plaintiffs' fax machine.

21.     Upon information and belief, Defendants have, from August 1, 2006 to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States without the express invitation or permission of the persons to whom the fax machines and/or computers belong.

22.     Upon information and belief, the facsimile advertisements described in the preceding paragraph did not contain the notices described in 47 U.S.C. § 227(b)(2)(D).

23.     Upon information and belief, Defendants have, from August 1, 2006 to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited and/or solicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States.

24.     Upon information and belief, the facsimile advertisements described in the preceding paragraph did not contain the notices described in 47 C.F.R. § 64.1200(a)(3)(iii).

## THE FEDERAL STATUTE AND THE REGULATIONS THEREUNDER

25.     The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

26.     In pertinent part, 47 U.S.C. § 227(b) provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

27.     In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

28.     As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term

'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

29.     47 U.S.C. § 227(b)(1)(C)(iii) provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the unsolicited facsimile advertisement contains a notice meeting the requirements under 47 U.S.C. § 227(b)(2)(D).

30.     47 U.S.C. § 227(b)(2)(D) provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);
(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and
(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

31.     47 C.F.R. § 64.1200(a)(3) provides that no person or entity may:

Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless--:

*     *     *

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section;

(D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

32.     47 C.F.R. § 64.1200(a)(3)(iv) provides that:

[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section.

33.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, **or to receive $500 in damages for each such violation**, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(emphasis added).

34.     47 U.S.C. § 312(f)(1) provides that  "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C § 227 falls] or by a treaty ratified by the United States."

**THE CONNECTICUT STATUTE**

35.     Conn. Gen. Stat. § 52-570c(a)  provides that "[n]o person shall use a

8

machine that electronically transmits facsimiles through connection with a telephone network . . . to transmit unsolicited advertising material . . . which offers to sell goods or services."

36.     Conn. Gen. Stat. § 52-570c(d) authorizes any person aggrieved by violations of § 52-570c(a) to bring a civil action requesting injunctive relief, $500 for each violation and costs and attorneys fees.

## CLASS ALLEGATIONS

37.      Plaintiffs bring this class action on behalf of themselves and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

38.     Plaintiffs seek to represent three classes of individuals defined as follows:

Class A:  All persons from August 1, 2006 through the present to whom Defendants sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), using a telephone facsimile machine, computer, or other device, without the persons' express invitation or permission.

Class B:  All persons from August 1, 2006 through the present, to whom Defendants sent or caused to be sent a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), using a telephone facsimile machine, computer, or other device.

Class C:  All persons in the State of Connecticut to whom, from December 1, 2007 to the present, Defendants sent or caused to be sent an unsolicited facsimile

advertisement, advertising the commercial availability or quality of any property, goods, or services.

39.     Classes A, B and C are hereinafter referred to collectively as the Classes.

40.     Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

41.     Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C.

42.     Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' fax and marketing records.

43.     Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

44.     Typicality:  Plaintiffs' claims are typical of the claims of the members of Class A. The claims of the Plaintiffs and members of Class A are based on the same legal theories and arise from the same unlawful conduct.

45.     Plaintiffs and members of Class A each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), which Defendants sent or caused to be sent without Plaintiffs' and the

members of Class A's express permission or authority.

46.     Plaintiffs' claims are typical of the claims of the members of Class B. The claims of the Plaintiffs and members of Class B are based on the same legal theories and arise from the same unlawful conduct.

47.     Plaintiffs and members of Class B each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services, which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), which Defendants sent or caused to be sent.

48.     Plaintiffs' claims are typical of the claims of the members of Class C. The claims of the Plaintiffs and members of Class C are based on the same legal theories and arise from the same unlawful conduct.

49.     Plaintiffs and members of Class C each received at least one unsolicited fax advertisement, advertising the commercial availability or quality of any property, goods, or services which Defendants sent or caused to be sent.

50.     Common Questions of Fact and Law:  There is a well-defined community of common questions of fact and law affecting the Plaintiffs and members of the Classes.

51.     The questions of fact and law common to Plaintiffs and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiffs and the members of Class A unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), by facsimile, computer or other device violated 47 U.S.C. § 227(b) and/or the

regulations thereunder;

(b) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiffs and the members of Class A unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), by facsimile, computer or other device, was knowing or willful;

(c) Whether Plaintiffs and the members of Class A are entitled to statutory damages, triple damages and costs for Defendants' acts and conduct; and

(d) Whether Plaintiffs and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

52.    The questions of fact and law common to Plaintiffs and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiffs and the members of Class B fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), by facsimile, computer or other device violated 47 U.S.C. § 227(b);

(b) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiffs and the members of Class B fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), by facsimile, computer or other device, was knowing or willful;

(c) Whether Plaintiffs and the members of Class B are entitled to statutory damages, triple damages and costs for Defendants' acts and conduct; and

(d) Whether Plaintiffs and members of Class B are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

53.     The questions of fact and law common to Plaintiffs and Class C predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiffs and the members of Class C unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services, by facsimile, computer or other device violated Conn. Gen. Stat. Ann. § 52-570c(a);

(b) Whether Plaintiffs and the members of Class C are entitled to statutory damages for Defendants' acts and conduct; and

(c) Whether Plaintiffs and members of Class C are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

54.     <u>Adequacy of Representation</u>:  Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the members of the Classes. Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and have no interests antagonistic to the members of the Classes.  Plaintiffs have retained counsel who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

55.     <u>Superiority</u>:  A class action is superior to other available means for the fair

and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiffs do not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

56.     Injunctive Relief:  Defendants have acted on grounds generally applicable to the members of the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

57.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

58.      By Defendants' conduct, described above, Defendants committed more than ten-thousand (10,000) violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class A to wit: the fax advertisements Defendants sent and/or caused to be

sent to Plaintiffs and the members of Class A were wholly unsolicited and did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D);

59.    Accordingly, Plaintiffs and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than five million dollars ($5,000,000).

60.    If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) to Plaintiffs and the members of Class A, Plaintiffs request an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

61.    Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

62.    By Defendants' conduct described above, Defendants committed more than ten-thousand (10,000) violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class B to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiffs and the members of Class B were either unsolicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), or were solicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) as required by 47 C.F.R. § 64.1200(a)(3)(iv);

63.    Accordingly, Plaintiffs and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than five million

dollars ($5,000,000).

64.     If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent fax advertisements which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) to Plaintiffs and the members of Class B, Plaintiffs request an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A THIRD CAUSE OF ACTION

65.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

66.     By Defendants' conduct, described above, Defendants committed numerous violations of Conn. Gen. Stat. § 52-570c(a) against Plaintiffs and the members of Class C to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiffs and the members of Class C were unsolicited by Plaintiffs and the members of Class C.

67.     Accordingly, pursuant to Conn. Gen. Stat. § 52-570c(d), Plaintiffs and the members of Class C are entitled to statutory damages in an amount to be determined at trial, and the attorneys fees and costs of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

68.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

69.     As described above, upon information and belief, Defendants committed numerous violations of 47 U.S.C. § 227(b) and Conn. Gen. Stat. § 52-570c(a).

70.     Accordingly, under 47 U.S.C. § 227(b)(3)(A) and Conn. Gen. Stat. § 52-570c(d), Plaintiffs and the members of the Classes are entitled to an injunction against Defendants, prohibiting Defendants from committing further violations of the above-mentioned statutes and regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Classes, pray for:

A.     An order certifying the Classes and appointing Plaintiffs as the representatives of the Classes and appointing the law firms representing Plaintiffs as counsel for the Classes;

B.     An award to Plaintiffs and the members of Classes A and B of statutory damages, in excess of $5,000,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendants' violations of that statute.

C.     If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent fax advertisements to classes A and/or B, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiffs and the members of Classes A and/or B in the preceding paragraph, to three times that amount described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3), for willful and/or knowing violations.  Plaintiffs will therefore seek an increase from an award in excess of $5,000,000 for each of classes A and B to an award in excess of $15,000,000 for each of Classes A and B against Defendants.

D.     An award to Plaintiffs and the members of Class C of an amount of statutory damages to be determined at trial.

E.     An injunction against Defendants, prohibiting Defendants from

committing further violations of the above-mentioned statutes and regulations.

F.     An award to Plaintiffs and the members of Class C of the attorneys fees and costs of this action; and

G.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

**ROGER H. KAYE and ROGER H. KAYE, MD PC, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED**

By: /s/Glenn A. Duhl
    Glenn A. Duhl ct03644
    Siegel, O'Connor,
       O'Donnell & Beck, P.C.
    150 Trumbull Street, 5th Floor
    Hartford, CT 06103
    (860) 280-1215
    Fax: (860) 527-5131
    gduhl@siegeloconnnor.com

Aytan Y. Bellin, Esq. (admitted *pro hac vice*)
Bellin & Associates LLC
85 Miles Avenue
White Plains, NY 10606
(914) 358-5345

# EXHIBIT A

WebMD 8003456865        9/9/2009 8:04:34 PM   PAGE   1/002   Fax Server

# We're a Little Blue...
# we miss you!

We noticed you haven't updated your
WebMD Physician Directories and
we want you back!

Large Print Size ( 5¹/₂ x 8¹/₄" )



Pocket-Size ( 4" x 6" )



## $4 OFF per book
## + FREE SHIPPING

As a valued customer we're offering you 20% off
your total order + Free Shipping.  This is a limited
time offer and the absolute best deal on our
2009-10 directories.

To help you keep your costs under control we've
held our pricing from last year. Additionally, for a
limited time, you'll receive $4 OFF the Pocket-Size
Editions and $6 OFF the Large Print Editions. Order
today and you'll get Free Shipping too!

Don't miss this limited time opportunity to update your
directories and save. Offer expires September 18, 2009.

---

**WebMD, 302 West Main St. #206,  Avon CT 06001   |   Phone: 866-309-7470**

If you received this fax in error, or wish to be removed from our
fax list, please call 866-334-7729.
Failure to comply with your opt-out request within 30 days is unlawful.

See Page 2 for
2009-10 order form

# GOING, GOING, GONE!

For a limited time, buy any combination of 2008-09 WebMD Little Blue and/or Yellow Books and get the companion NPI Physician Directory for only $9.95! **This price is over 50% OFF the regular price for the NPI Physician Directory.**

Because you asked for it, we've also made the WebMD Little Blue and Yellow Books 40% LARGER with our new "Large Print Edition." These directories have the information you expect from the popular pocket-sized versions, but now they're easier-to-read.  Combine our new "Large Print Edition" with your order and receive this at a discounted price of $24.95 each (reg $29.95).

Get reliable information, NPI numbers, and the best value in today's economy.  Order books today and you'll get FREE shipping!*

**Don't wait! Supplies are limited.**

*Shipping is free with two book minimum order



Now Featuring 40% Larger and Easier to Read Edition

### Offer Ends 2/28/09

# YES! Please send me the 2008-09 books.

Just complete and fax the attached form to **800-469-6349** or call customer service at **866-309-7470.**

Remember if you call, use the code "EH" to receive this offer.

**You can order online or update your listing at www.tlbb.com.**
**Mailing Address: WebMD, 302 West Main St. Suite 206, Avon, CT 06001**

If you received this fax in error, or wish to be removed from our fax list, please call 866-334-7729.

**Please complete order form on the next page to order any combination of WebMD Directories.**



## 1. Customer/Shipping Information   (Please update any missing or incorrect information)

Practice/ Organization Name: **Roger H Kaye MD**

Contact Name: **Jay or Office Manager**    Phone: **(203) 853-0004**    Fax: **(203) 866-3660**

Medical Office Address: **30 Stevens St #K**    City/Town: **Norwalk**    State: **CT**   Zip: **06850**

Contact Email: _____

If your billing address is different - please provide here: _____

Complete and fax this form to **800-469-6349** or call **866-309-7470**.

## 2. WebMD Physician Directories

While supplies last or until February 28, 2009

| Metro Areas* | BLUE QTY | | YELLOW QTY | | TOTAL QTY | | PRICE PER BOOK | | TOTAL AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Fairfield County** | | + | | = | | x | $19.95 | = | |
| | | + | | = | | x | $19.95 | = | |
| | | + | | = | | x | $19.95 | = | |

**Order 2 or more Blue or Yellow Books (regular or Large Print) and get the NPI Physician Directory for $9.95/ea.**

| | | | | | | x | $ 9.95 | = | |
|---|---|---|---|---|---|---|---|---|---|

*For a complete list of all 147 metros - please see www.tlbb.com/metro

**SHIPPING IS FREE with your TWO BOOK MINIMUM ORDER**

The WebMD Little Yellow Book is available only to Accredited Healthcare Providers

| | |
|---|---|
| SUBTOTAL | |
| Shipping and Handling | Free until Feb 28th |
| CT ONLY Add 6% Sales Tax | |
| **TOTAL A** | |

## 3. WebMD Large Print Editions

| Metro Areas* | BLUE QTY | | YELLOW QTY | | TOTAL QTY | | PRICE PER BOOK | | TOTAL AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Fairfield County** | | + | | = | | x | $24.95 | = | |
| | | + | | = | | x | $24.95 | = | |
| | | + | | = | | x | $24.95 | = | |

GET the NEW WebMD Large Print Blue or Yellow Editions for only $24.95 each (reg. $29.95)

| | |
|---|---|
| SUBTOTAL | |
| Shipping and Handling | Free until Feb 28th |
| CT ONLY Add 6% Sales Tax | |
| **TOTAL B** | |
| **GRAND TOTAL (A & B)** | |

**DON'T FORGET WEBMD LARGE PRINT BOOKS!**

**Now Featuring 40% Larger and Easier to Read Edition**

## 4. Payment Method

| ☐ CHECK enclosed payable to WebMD | ☐ VISA | ☐ MC | ☐ AMEX | **FAR : 139092 : EH : HSE** |

Card Number: _____ Exp. Date: _____ / _____

Name on Card: _____ Signature: _____

☐ **BILL ME** - if you would like us to bill your office, please initial here _____ Payment is due at time of receipt of books - thank you

**You can order online or update your listing at www.tlbb.com – Mailing Address: WebMD, 302 West Main St. Suite 206, Avon, CT 06001**

If you received this fax in error, or wish to be removed from our fax list, please call 866-334-7729.

Received Fax :    Jan 22 2009 19:10    Fax Station :    Roger H. Kaye. MD. PC

WebMD 8003456865    1/22/2009 7:12:15 PM    PAGE 2/002    Fax Server

# Medscape
from *WebMD*

## •Account Status Notification

**DEAR DR. ROGER KAYE:**

### Please note that despite several attempts, we have been unable to deliver vital Medscape content and services to you at the email address associated with your account.

Unfortunately, you have been missing out on some of our special membership benefits – most notably our weekly specialty MedPulse newsletter, about which Medical Economics magazine has said:

*"Medscape's weekly newsletters are becoming as much a fixture in medicine as the arrival of JAMA by snail mail"*

and about which your fellow health care professionals have said:

*I love receiving this electronic update! I can pick & choose what I'd like to review. Thank you for all of the effort it takes to coordinate this!*

*I really appreciate the email notices and the Medscape MedPulse which is about the only thing that keeps me current on new information. It is much appreciated.*

## There are three ways you can contact us to update your email address:

**❶ FAX**

Fax the form below to:
**1-800-469-6349**

**❷ PHONE**

Call Customer Service:
**1-888-506-6098**

**❸ ONLINE**

Go Online:
**www.medscape.com/emailupdate**

**Contact us now so you don't miss any more of your FREE membership benefits, such as our FDA drug alerts, Drug & Device Digest and more.**

## FAX Email Update form for:          [7711237]

### DR. ROGER KAYE, as of February 17, 2008

● I would like to change the email address currently on file with Medscape to the following:

_____

● By signing below, I give permission to have my Medscape account updated with the email address above.

_____

WebMD, Attn: Email Newsletters, 111 Eighth Avenue, 7th Floor, New York, NY 10011 888-506-6098
If you received this fax in error, or wish to be removed from our fax list, please call 888-506-6098.

