FILED

2010 DEC 16 A 10: 51

U.S. DISTRICT COURT
NEW HAVEN, CT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROGER H. KAYE and ROGER H. KAYE, MD PC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEBMD, LLC, WEBMD HEALTH SERVICES GROUP, INC., MEDSCAPE, LLC, WEBMD PROFESSIONAL SERVICES LLC, NATIONAL PHYSICIANS DATASOURCE LLC, and LITTLE BLUE INSITE LLC,<br><br>Defendants. | CIVIL ACTION NO.<br><br>CV-09-01948 (MRK) |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND SCHEDULING FINAL APPROVAL HEARING

WHEREAS, a class action is pending in the United States District Court for the District of Connecticut entitled *Kaye, et al. v. WebMD, LLC, et al.*, No. 09-cv-01948; and

WHEREAS, Roger H. Kaye and Roger H. Kaye, MD PC (collectively the "Plaintiffs") and WebMD, LLC, WebMD Health Services Group, Inc., Medscape, LLC, and WebMD Professional Services LLC (collectively the "WebMD Defendants"), and National Physicians Datasource LLC and Little Blue Insite LLC (collectively the "LBI Defendants") (the WebMD Defendants and the LBI Defendants are collectively referred to herein as "Defendants" unless otherwise noted) (Plaintiffs and Defendants are collectively referred to herein as the "Parties") have agreed on a Settlement Agreement and Release dated as of December 9, 2010 (the "Settlement Agreement" or "Agreement"), which, together with the Exhibits attached thereto, sets forth the terms and

conditions for a proposed settlement and dismissal of the Litigation with prejudice as to the Named Defendants and all Related Entities upon the terms and conditions set forth therein, and the Court having read and considered the Settlement Agreement and Exhibits attached thereto; and

WHEREAS, Plaintiffs have filed with the Court an Unopposed Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement and Notice to the Class (the "Motion"), seeking entry of an order approving a proposed settlement of the Litigation in accordance with the Settlement Agreement and Release; and

WHEREAS, as a condition of the Settlement, Plaintiffs, on behalf of themselves individually and on behalf of each of the Settlement Class Members, have agreed to release all claims as specified in the Settlement Agreement; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement unless otherwise specified.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this Litigation and over all Parties to this Litigation, including all of the Settlement Class Members.

2. The Settlement Class Representatives and Settlement Class Counsel are authorized to enter into the Settlement Agreement on behalf of the Settlement Class and to bind them to the duties and obligations contained therein subject to final approval of the Settlement by the Court. The Settlement Class Representatives and Settlement Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action

required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms.

3. The Court hereby preliminarily approves the Settlement as being fair, adequate, and reasonable to the Settlement Class Members subject to further consideration at the Final Approval Hearing for purposes of deciding whether to grant final approval to the said Settlement Agreement.

## Settlement Class Certification

4. For purposes of settlement only: (a) Aytan Y. Bellin, Esq. of Bellin & Associates LLC, and Glenn A. Duhl, Esq. of Siegel, O'Connor, O'Donnell & Beck, P.C., are appointed Settlement Class Counsel; and (b) Roger H. Kaye and Roger H. Kaye, MD PC are appointed Settlement Class Representatives.

5. For purposes of settlement only, the Court certifies the following class (the "Settlement Class"): All persons and entities that, between August 1, 2006 and April 21, 2010, received one or more facsimile communications from or concerning one or more Defendants, that contained information relating in any way to the commercial availability or quality of any property, goods, or services or that were in any respect in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the regulations promulgated thereunder, as well as any comparable state laws, regulations, municipal ordinances, or common law principles regulating the transmission of facsimile communications.

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 18 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that

the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of claims of the Settlement Class; (d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Litigation.

7. The Court finds that the Parties entered into the Settlement Agreement in good faith, following arms-length negotiation.

8. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Settlement Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or settlement or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

9. The Parties have presented to the Court a proposed facsimile ("fax") Notice and Claim Form, which is appended hereto as Exhibit A, and a proposed published Notice, which is appended hereto as Exhibit B. The Court approves the content of the fax Notice and Claim Form and the published Notice, substantially in the

forms attached hereto, finding that they fairly and adequately: (1) describe the terms and effect of the Settlement; (2) give notice to the Settlement Class of the time and place of the Final Approval Hearing; and (3) describe how the recipients of the Notice may object to approval of the Settlement.

10. The Court approves the request for the appointment of Berdon Claims Administration LLC of Jericho, New York, as the Claims Administrator in accordance with the provisions of Paragraph 1.6 of the Settlement Agreement.

11. The Court finds that the plan for dissemination contained within Paragraph 3.3 of the Settlement Agreement constitutes valid, due, and sufficient notice to all persons entitled thereto, and that the Notice Plan complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. Pursuant to Paragraph 3.3 of the Settlement Agreement, the Claims Administrator shall transmit the fax Notice and the accompanying Claim Form to the fax numbers obtained from Defendants, and shall provide publication in accordance with the Notice Plan called for by the Settlement Agreement no later than twenty-one (21) days after the entry of this Order, or <u>January 6, 2011</u>, ~~20XX~~ (the date by which the Notice Plan shall be completed shall be referred to herein as the "Notice Date"). Pursuant to Paragraph 3.2 of the Settlement Agreement, the Claims Administrator shall further serve notice of the Settlement upon the Appropriate Officials in accordance with 28 U.S.C. § 1715. At or before the Final Approval Hearing, the Claims Administrator shall file a declaration, confirming the Notice was published, confirming that notice was provided to the Appropriate Officials in accordance with 28 U.S.C. § 1715, and providing an exemplary copy of the materials provided to the Appropriate Officials.

12.     Settlement Class Members who wish to receive a Settlement Benefit must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be received by the Claims Administrator within forty-five (45) days of the completion of the Notice Plan (the "Claims Deadline").

**Exclusion**

13.     Any Settlement Class Member may request to be excluded from the Settlement pursuant to the procedures outlined in Paragraph 3.4 of the Settlement Agreement. An exclusion request must be received by the Claims Administrator by the Claims Deadline, and such a request will be valid and treated as a Successful Opt Out if the exclusion request states the full name and address of the person or entity seeking exclusion, as well as contains a list of all fax numbers owned or controlled during the Class Period by the person or entity seeking exclusion. Each request must also contain a signed statement that: "I hereby request that I be excluded from the proposed Settlement Class in the *Kaye v. WebMD* litigation." To be valid, an exclusion request must contain the person's original signature (conformed, reproduced, facsimile, electronic, or other non-original signatures are not valid). An exclusion request that does not include all of the foregoing information, or that is not received within the time specified, shall be invalid and the person or entity serving such a request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Settlement of this Litigation and the releases contained herein. The Claims Administrator shall file documents with the Court reporting on Settlement Class Members requesting exclusion.

14.     Any person who requests exclusion from the Settlement in accordance with the terms stated in this Order shall not be a member of the Settlement Class, shall

not be bound by the terms of the Settlement, and shall have no right to participate in the distribution of the Settlement proceeds. Additionally, any Settlement Class Member who submits a valid exclusion request may not file an objection to the Settlement Agreement.

15.  Any Settlement Class Member who does not request exclusion from the Settlement in the manner required by this Order shall be bound by all terms of the Settlement Agreement and the Final Approval Order.

### Objections

16.  Any Settlement Class Member who does not request exclusion from the Settlement in the manner required by this Order may object to the Settlement by serving a written objection upon Settlement Class Counsel and Defendants' counsel at the addresses set forth in the Notice, and file the objection simultaneously with the Court by the Claims Deadline. The copy of the objection that is filed with the Court, as well as the versions that are served upon Settlement Class Counsel and Defendants' counsel, must: (a) set forth the Settlement Class Member's full name, current address, and fax number; (b) contain the Settlement Class Member's original signature (conformed, reproduced, facsimile, electronic, or other non-original signatures will not be valid); (c) state that the Settlement Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and factual basis for the objection; (e) provide copies of any documents that the Settlement Class Member wishes to submit in support of the Settlement Class Member's position and a list of witnesses intended to be called to testify at the Final Approval Hearing; (f) state whether the Settlement Class Member or his counsel will appear at the Final Approval Hearing; and (g) list all cases in which the objector or their counsel has filed objections to a class action settlement in the preceding

five (5) years. The addresses for filing objections with the Court and service on counsel are as follows:

| COURT | PLAINTIFF'S COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the U.S. District Court | Aytan Y. Bellin | Jeffrey J. Swart |
| District of Connecticut | Bellin & Associates LLC | Alston & Bird LLP |
| 141 Church Street | 85 Miles Avenue | 1201 West Peachtree Street |
| New Haven, CT 06510 | White Plains, NY 10606 | Atlanta, GA 30309-3424 |

17. Settlement Class Members who fail to file and serve timely written objections in complete accordance with this Order shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 18 below.

**Final Approval Hearing**

18. The Court will hold the Final Approval Hearing on __March 23__, 2011 at __9:30__ a.m. in Courtroom __4__, United States Courthouse, 141 Church Street, New Haven, Connecticut 06510, to determine finally, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the class; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve Settlement Class Counsel's request for attorneys' fees and reimbursement of expenses; (d) whether to approve the payment of incentive awards to Settlement Class Representatives; and (e) any other matters that may properly be brought before the Court in connection with the Settlement.

**Other Provisions**

19. Pending the Final Approval Hearing, the Court stays all proceedings in this Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

20. This Order, the Settlement Agreement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Settlement, shall not constitute any evidence, or an admission by any of the Defendants or Released Parties that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of the Defendants or Released Parties. This Order, the Settlement Agreement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement Agreement.

21. In the event that the Settlement Agreement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially modified on appeal, this Order (except for this Paragraph) shall be null and void, the Settlement Agreement shall be deemed terminated pursuant to its terms, and the parties shall return to their positions as provided for in the Settlement Agreement.

**SO ORDERED this** 16th **day of** December, 2010.

/s/ Mark R. Kravitz, USDJ

Honorable Mark R. Kravitz
United States District Court Judge
District of Connecticut