IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROGER H. KAYE and ROGER H. KAYE, MD PC, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>WEBMD, LLC, WEBMD HEALTH SERVICES GROUP, INC., MEDSCAPE, LLC, WEBMD PROFESSIONAL SERVICES LLC, NATIONAL PHYSICIANS DATASOURCE LLC, and LITTLE BLUE INSITE LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>CV-09-01948 (MRK) |

## **FINAL APPROVAL ORDER**

A Final Approval Hearing was held on  April 29, 2011  on a proposed settlement (the "Settlement") of this class action (the "Litigation"), and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.　　To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement and Release ("Settlement Agreement").

2.　　The Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Settlement Class Members.

3.　　This Court previously gave its preliminary approval to the Settlement Agreement. The Court hereby gives its final approval to the Settlement set forth in the Settlement Agreement, finds that said Settlement Agreement is, in all respects, fair, reasonable, and adequate to, and in the best interests of, the Settlement Class, and hereby directs it shall be effectuated in accordance

- 2 -

with its terms.  The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, shall have the full force of an Order of this Court, and shall be effective, binding, and enforced according to its terms and conditions.

4.	The Court approves the form and content of the fax Notice and the published Notice, finding that they fairly and adequately described the terms and effect of the Settlement, gave notice to the Settlement Class of the time and place of the Final Approval Hearing, and described how the recipients of the Notice may opt-out of, or object to approval of, the Settlement.  The Court determines that the Notice Plan, which includes both the fax Notice and the published Notice, was the best notice practicable under the circumstances and included individual notice to all Settlement Class Members who could be identified through reasonable efforts.  Such Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and such notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

5.	The Court finds that the Defendants properly and timely notified the Appropriate Officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the Defendants' notices and accompanying materials, and finds that they complied with  all applicable requirements of the CAFA.

6.	The Court finds that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied.

7.	The Settlement Class certified for settlement purposes was defined as all persons and entities that, between August 1, 2006 and April 21, 2010, received one or more facsimile communications from or concerning one or more Defendants, that contained information relating

in any way to the commercial availability or quality of any property, goods, or services or that were in any respect in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the regulations promulgated thereunder, as well as any comparable state laws, regulations, municipal ordinances, or common law principles regulating the transmission of facsimile communications.  Excluded from the Settlement Class are those persons and entities who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice provided to Settlement Class Members in accordance with the provisions of the Preliminary Approval Order.  Annexed hereto as Appendix 1 is a schedule of all such persons and entities excluded from the Settlement Class.

8. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation on the merits and with prejudice.

9. Upon the date of Final Approval, the Settlement Class Representatives and each and every Settlement Class Member who has not timely filed a valid request to be excluded from the Settlement Class or who has rescinded a previous valid opt-out request, shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Parties, and each of them, from all Released Claims.

10. The Court approves Settlement Class Counsel's request for a Fee Award in the amount of $ 2,500,000    .  Payment of the Fee Award shall be made within thirty (30) days of the date of Final Approval, in accordance with the provisions of Paragraph 5.1 of the Settlement Agreement.

11. The Court approves the approves the payment of $ 0      to Plaintiff Roger H. Kaye and $ 7,500  to Plaintiff Roger H. Kaye, MD PC as incentive awards for taking on the risks of litigation and helping to achieve the results to be made available to the Settlement Class.

The incentive awards shall be drawn from the Settlement Fund, and payment of the incentive awards shall be made within thirty (30) days of the date of Final Approval, in accordance with the provisions of Paragraph 5.2 of the Settlement Agreement.

12. The Court hereby directs the entry of this Final Approval Order based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Approval Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

13. This Final Approval Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on any Defendant's part, or of the validity of any Claim or the existence of amount of damages.

14. Without affecting the finality of this Final Approval Order, this Court hereby retains continuing jurisdiction over, *inter alia*: (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Litigation until each and ever act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

15. Nothing in this Order or the Settlement Agreement shall be construed as limiting or diminishing in any respect: (a) any otherwise existing authority of any State or Territory of the United States, or of the District of Columbia, to pursue legal or equitable remedies in its sovereign capacity relating to the facts and circumstances at issue in this Litigation (a "Sovereign

Enforcement Action"); or (b)  the rights of any citizen of any State or Territory of the United States, or of the District of Columbia, to seek the initiation of a Sovereign Enforcement Action or to cooperate and assist with the prosecution of a Sovereign Enforcement Action.

**SO ORDERED this** <u>29th</u> **day of** <u>   April   </u>, 201<u>1</u>.

<u>   /s/            Mark R. Kravitz         </u>
Honorable Mark R. Kravitz
United States District Court Judge
District of Connecticut

## **APPENDIX 1 TO FINAL APPROVAL ORDER**

(Schedule of persons and entities excluded from the Settlement Class.)

## WEBMD SUCCESSFUL OPT-OUTS

Apex Primary Health Care
Marcus C. Reeves, MD
7625 Hwy. 64, Suite 107
Memphis, TN 38133

Bhaktavatsala R. Apuri, MD, FACC
Summit Medical Associates, LLC
4656 West Jefferson Blvd., Suite 125
Fort Wayne, IN 46804

Arizona Anesthesia Consultants, P.C.
Mark Brandon, MD, VP
April Wilson, Business Manager
18205 North 51st Avenue, #109
Glendale, AZ 85308

Central Washington Hospital
Steve Wood, Risk Manager
Quality Care Management
1201 South Miller Street
P.O. Box 1887
Wenatchee, WA 98807-1887

J. Stephen Ebrom, MD
200 Jefferson Avenue, SE
Grand Rapids. MI 49503

Richard Gerstein, MD
1050 NW 15th Street, Suite 103A
Boca Raton, FL 33486

Lufkin Plastic Surgery
William D. Strinden, MD, FACS, PA
116 Christie Street
Lufkin, TX 75904

Timothy M. Malak, MD, FACS
5 Hearthstone Court, Suite 105
Reading, PA 19606

Pediatric Associates of Spokane
Robert Maixner, MD, Owner
Angela Harvey, Office Administrator
105 West 8th Street
Spokane, WA 99204  **and**

235 East Rowan, Suite 117
Spokane, WA 99207

David F. Pratt, MD, FACS, PS
10403 NE 37th Circle, Bldg. 3, Suite B
Kirkland, WA 98033  **and**

4005 Colby Avenue
Everett, WA 98201

Reed Foot Clinic
Brennan R. Reed, DPM
601 South 8th Street
Quincy, IL 62301

St. Louis Heart Center, Inc.
Ronald Weiss, MD, FACC
1031 Bellevue, Suite 206
St. Louis, MO 63117

Temple Physicians, Inc.
Temple University Health System
Eric Mankin, MD. CEO
2450 West Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Mary B. Toporcer, MD, PC
800 West State Street, Suite 303
Doylestown, PA 18901

Thomas C. Trevorrow, MD
119 Professional Center, Suite 203
1265 Wayne Avenue
Indiana, PA 15701

University Physician Associates of NJ, Inc.
Michael J. Saulich, Executive Director/CEO
30 Bergen Street, ADMC 12 1205
Newark, NJ 07107

Samina Wahhab, MD
1255 South Cedar Crest Blvd., Suite 1100
Allentown, PA 18103

Robert W. Veith, MD
4224 Houma Blvd., Suite 330
Metairie, LA 70006
   **by**
Randolph J. Waits, Esq.
1515 Poydras Street, Suite 1950
New Orleans, LA 70112

Walgreen Co.
Elyse Tish, Senior Litigation Attorney
104 Wilmot Road, MS 1431
Deerfield, IL 60015

Thomas G. Werner, DPM, PA
25093 West Main Place
Russellville, AR 72801